Colin D. Dailey (SBN 293942)
colin.dailey@bclplaw.com
Jasdeep S. Atwal (SBN 318301)
jasdeep.atwal@bclplaw.com
**BRYAN CAVE LEIGHTON PAISNER LLP**
120 Broadway, Suite 300
Santa Monica, California 90401-2386
Telephone:  (310) 576-2100

Daniel A. Crowe (*pro hac vice*)
dan.crowe@bclplaw.com
**BRYAN CAVE LEIGHTON PAISNER LLP**
One Metropolitan Square
211 N. Broadway, Suite 3600
St. Louis, Missouri 63102
Telephone: (314) 259-2619

Attorneys for Defendant and Counterclaimant Puff Corp.

### UNITED STATES DISTRICT COURT

### CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHO Products, LLC,<br><br>         Plaintiff,<br><br>    vs.<br><br>Puff Corp.,<br><br>         Defendant.<br><br>And Counterclaims | Case No. 2:22-cv-06709-GW-KS<br><br>**PUFF CORP.'S *EX PARTE* APPLICATION FOR AN ORDER PROHIBITING SHO PRODUCTS, LLC AND ITS AGENTS FROM FURTHER ACTS OF WITNESS TAMPERING**<br><br>(Submitted with Declarations of Colin Dailey and Randall Elkins; [Proposed] Order; Notice of Lodging Video Evidence)<br><br>Date:    *Ex Parte*<br>Time:    *Ex Parte*<br>**Judge:   Hon. George H. Wu**<br>Place:   Courtroom 9D, 9th Floor<br><br>***OPPOSITION DUE WITHIN 24 HOURS OF THIS FILING**<br><br>Action Filed:  September 19, 2022<br>Trial Date:  Not Set |

**TO THE COURT, ALL PARTIES, AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE THAT**, pursuant to Local Rule L.R. 7-19 and the Honorable George H. Wu's online standing order, Defendant and Counterclaimant Puff Corp. ("Puffco") will, and hereby does, apply *ex parte* for an order that:

1. Plaintiff and Counterclaim-Defendant SHO Products, LLC ("SHO") and its officers, employees, business partners, and agents may not contact Randall Elkins, Christina Massaro, Vincent D'Accolti, or any other witnesses in this case for whom Puffco serves a notice of subpoena, except through SHO's attorneys of record in this action or if SHO's attorneys represent the witness;

2. SHO and its officers, employees, affiliates, business partners, and agents may not attend the depositions of Randall Elkins or Christina Massaro, except through their counsel of record who may attend;

3. SHO and its officers, employees, affiliates, business partners, and agents must produce to Puffco's counsel within 24 hours the following contact information for the person identified as "Doc Morrow" who SHO sent to the witnesses' house as shown in the video from the May 29, 2023 incident: full name, all other names and aliases, work address, residential address, email address(es), cell phone number, other phone numbers, social media profiles, and any other known method of contacting Mr. Morrow;

4. SHO and its officers, employees, affiliates, business partners, and agents must immediately preserve and not delete any and all emails, text messages, communications, records, and other evidence related to the May 29, 2023 witness tampering incident and communications with Doc Morrow regarding this lawsuit, the witnesses, Puffco, or the incident, including such evidence from Sam Jurist's cell phone, laptops, computers, and other devices for possible imaging at a future date;

Puffco also respectfully requests that the Court refer the May 29, 2023 witness tampering incident, including the Ring doorbell camera videos and declarations submitted with the *ex parte* application, to the appropriate law enforcement officials and/or prosecutor's office for their immediate review and investigation of potential crimes and violations of 18 U.S.C. § 1512, *et seq.* (Witness Tampering).

Puffco brings this Application on an *ex parte* basis pursuant to Local Rule 7-19 on the grounds that SHO and its agents have engaged in witness tampering and intimidation of key fact witnesses who were served with subpoenas for records and depositions, including by sending a large, adult male – who is potentially "a convicted felon" according to news reports – to the private residence of two such witnesses (Randall Elkins and Christina Massaro) on the evening of Memorial Day (May 29, 2023) to encourage them to "avoid the deposition" and "not go."  This is evidenced by the accompanying declaration of Mr. Elkins and the three videos submitted with the accompanying Notice of Lodging Video Evidence that document the witness tampering incident.  **Mr. Elkins and Ms. Massaro's depositions are currently scheduled for June 22 and 23, respectively**. Puffco has issued additional subpoenas to other fact witnesses and fears that SHO has already attempted to interfere with such witnesses' compliance.  Thus, Puffco will be irreparably prejudiced if the requested relief is heard according to regular noticed motion procedures, and the requested relief should be granted on an *ex parte* basis to prevent further witness tampering and intimidation, loss of evidence, and prejudice to Puffco.  "[W]itness tampering is among the most grave abuses of the judicial process." *Torres v. Wells Fargo Bank*, 2019 WL 8012686, at *5 (C.D. Cal. Dec. 17, 2019), quoting *Ramirez v. T&H Lemont, Inc.*, 845 F.3d 772, 782 (7th Cir. 2016).

This Application is based on this Notice of Application and Application; the attached Memorandum of Points and Authorities; the accompanying Declarations of Colin D. Dailey ("Dailey Decl.") and Randall Elkins ("Elkins Decl."); the

accompanying Notice of Lodging of video evidence; Proposed Order; the pleadings, records, and papers filed herein, and all other matters that the Court may consider, including the argument of counsel.

Notice of this Application has been given to counsel for all parties. (Dailey-Decl. ¶¶ 2-3.) SHO is represented by the following attorneys: **Joshua M. Masur** (jmasur@zuberlawler.com), **Amroh F. Idris** (aidris@zuberlawler.com), of Zuber Lawler LLP, located at 250 South Grand Ave., 32nd Floor, Los Angeles, CA 90071, and reachable at (213) 596-5621, **Brian J. Beck** (bbeck@zuberlawler.com) of Zuber Lawler LLP, located at 111 West Jackson Street, Suite 1700, Chicago, IL 60604, and reachable at (312) 346-1100.  (*Id.*)  Puffco advised SHO of this Application and the requested relief on June 16, 2023 during a phone call with Mr. Masur and Mr. Beck, and advised SHO's attorneys that, pursuant to Judge Wu's standing order, any "opposition must be filed not later than 24 hours after the filing of the ex parte application." (*Id.*)  Puffco understands that SHO opposes this Application. (*Id.*)

Dated: June 20, 2023         **BRYAN CAVE LEIGHTON PAISNER LLP**

By: *Colin D. Dailey*
     Colin D. Dailey
Attorneys for Defendant and Counterclaimant Puff Corp.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Caught in lies and perjured declarations, Plaintiff SHO Products, LLC ("SHO") has resorted to witness tampering and harassment aimed at preventing key fact witnesses from providing testimony at their upcoming depositions and to dissuade them from complying with subpoenas. Some of SHO's misconduct was recently caught on recorded video from a Ring doorbell camera when SHO sent a large, adult male – who is potentially "a convicted felon" according to multiple news reports – to the home of two subpoenaed witnesses, Randall Elkins and Christina Massaro, with a message from SHO's CEO and owner, Sam Jurist: "avoid the deposition," do not go, and if you attend the deposition your words will be "turned around" against you. This single incident alone is a crime under at least 18 U.S. Code § 1512(b) and (d) and a grave abuse of the judicial system. These are some of the most critical third-party witnesses in the case, as SHO's entire claim rests on the allegation that Mr. Elkins signed an exclusive patent license agreement with SHO in 2019. Further, Mr. Jurist admitted that he is communicating with additional third-party witnesses who have been subpoenaed by Puffco for evidence, including SHO's former co-founder, Vincent D'Accolti. SHO's witness tampering taints SHO's entire lawsuit against Puffco, and Puffco has been and continues to be irreparably prejudiced by this misconduct.

Puffco intends to file a regular noticed motion for terminating and other sanctions based on this and other misconduct by SHO and its agents following additional discovery. In the meantime, *ex parte* relief is necessary because **the depositions of Mr. Elkins and Ms. Massaro are set for June 22 and 23**, respectively. Therefore, Puffco seeks emergency relief asking the Court for an order preventing SHO, its agents, and "business partners" from further witness contact and tampering, directing SHO to preserve Mr. Jurist's cell phone and other evidence of the witness-tampering incident, and directing SHO to immediately provide to

Puffco the contact information for "Doc Morrow" and other evidence related to the May 29, 2023 witness tampering incident, among other things.

## II. SHO'S EFFORTS TO INTIMIDATE KEY SUBPOENAED WITNESSES AND PERSUADE THEM TO NOT COMPLY WITH PUFFCO'S RULE 45 SUBPOENA

SHO filed this lawsuit against Puffco asserting a single claim for alleged infringement of the '579 Patent based on SHO's allegation that, even though Puffco purchased the '579 Patent on March 1, 2022 from the owner of record, New Method Group, LLC ("NMG"), SHO allegedly signed an Exclusive Patent License Agreement with NMG's manager, Randall Elkins, on August 20, 2019 giving SHO exclusive rights to the patent, including the right to sue for infringement. (Doc. 43 ["FAC"], ¶¶ 14, 31; Doc. 28-1 [Jurist Declaration].)

As documented in Puffco's Counterclaims (Doc. 52), SHO's lawsuit is based on lies, misrepresentations to the Court, false business records, and at least one perjured declaration. For example, SHO submitted the declaration of Samuel Jurist to this Court averring under penalty of perjury that he and Mr. Elkins executed the EPLA on August 20, 2019. (Doc. 28-1.) Yet, SHO and Jurist have since confirmed that statement in the declaration is false. (*See, e.g.,* Doc. 57 [Answer], ¶ 88.) Further, SHO has produced multiple versions of the allegedly fully-executed EPLA, each with different provisions, fonts, page counts, and signature blocks, neither of which reference the other, and both of which contain metadata showing they were created in March 2022, *after* Puffco purchased the '579 Patent from NMG. (Doc. 52, Exs. A and B; Doc. 57 [Answer], ¶¶ 73-88.) SHO also modified its own business records and document file names from 2019 to make it appear as if SHO submitted a wire transfer to NMG on August 22, 2019 for the EPLA payment, when in fact that wire transfer was a payment to a *different* company for a 50% deposit on an invoice for *goods*, not a payment to NMG for a patent license. (Doc. 52, Exs. C and D, ¶¶ 66-72.)

On May 4, 2023, Puffco served SHO's counsel with Notice of Subpoenas stating that Puffco would be issuing subpoenas for documents and depositions to Mr. Elkins and Ms. Massaro, with copies of the subpoenas that identified the new home address for Mr. Elkins and Ms. Massaro. (Dailey Decl., ¶ 4.) Mr. Elkins' deposition was initially scheduled for June 7 and was rescheduled to June 22, 2023. Ms. Massaro's deposition was initially scheduled for June 6 and was rescheduled for June 23, 2023. (Dailey Decl., ¶ 5.) Mr. Elkins and Ms. Massaro live together in the same house in Las Vegas, Nevada.

On Monday, May 29, 2023, the Memorial Day holiday, SHO sent Mr. Jurist's business partner, "Doc", to the home of Mr. Elkins and Ms. Massaro to deliver a message from Mr. Jurist and attempt to persuade them to not attend the depositions. (Elkins Decl., ¶¶ 3-6; Dailey Decl., ¶¶ 6-10; Notice of Lodging Video Evidence.) The incident was recorded on Mr. Elkins' Ring doorbell camera, which recorded three videos of the incident. (*Id*.)

As shown in the first video (screenshot below), "Doc" knocked on the door and no one answered. (Notice of Lodging, file "RingVideo_20230529_185047.")



The second video shows "Doc" standing in Mr. Elkins' driveway apparently talking with someone on the phone, as shown in the screenshot below. (Notice of

603566685

3

PUFFCO'S EX PARTE APPLICATION FOR AN ORDER PROHIBITING FURTHER ACTS OF WITNESS TAMPERING

Lodging, file "RingVideo_20230529_185009.")



In the third video (screenshot below), "Doc" knocks on the door again, and this time Mr. Elkins answers, speaking through the Ring doorbell camera video. (Notice of Lodging, file "RingVideo_20230529_184943.")



The conversation lasts approximately 2:00 minutes and is caught on video. (*Id.*)  In the video, the person says his name is "Doc" and that he is "**Sam's partner**," referring to SHO's CEO, Samuel Jurist.  (*Id.*, at 0:10-15.)  He says, "the main things **Sam wanted me** [to discuss]" and he starts discussing the upcoming

depositions and Puffco. (*Id*., at 1:00-1:15.) He encourages Mr. Elkins to "**just avoid**" the deposition and says "it's just a matter of not going." (*Id*., at 1:10-1:35.) He threatens Mr. Elkins that if Mr. Elkins gives testimony, his words will be "turned around" against him. (*Id*., at 1:40.) When Mr. Elkins mentions a lawyer's name, Doc says, "**our** lawyer or their lawyer," identifying himself as part of SHO and acting as an agent of SHO ("our" lawyer). (*Id*., at 1:15-1:30.) He twice asks Mr. Elkins to meet him on the strip, including to "make a game plan." (*Id*., at 1:55.)

Puffco deposed SHO's CEO Samuel Jurist on June 15, 2023. (Dailey Decl., ¶ 9.) At first, Mr. Jurist denied knowing who "Doc" is when shown several photos of him from the video. (*Id*.) However, after being confronted with evidence from his own Instagram profile, Mr. Jurist confirmed he knows "Doc." (*Id*.) In fact, Mr. Jurist testified that "Doc" is Mr. Jurist's "business partner" in multiple "different entities," Mr. Jurist "goes to him for advice," and "Doc" leases property from Mr. Jurist in Los Angeles. (*Id*.) Mr. Jurist admitted he has spoken to "Doc" about this lawsuit, and about Doc's visit to Mr. Elkins' home. (*Id*.) Mr. Jurist watched the video **twice** and confirmed the large, adult male shown in the video is the same "Doc" Mr. Jurist described. (*Id*.) All of this testimony from Mr. Jurist corroborates, and is corroborated by, the statements from Doc in the video.

Mr. Jurist confirmed that he communicates with Doc via phone, email, and social media messages. (Dailey Decl., ¶ 9.) However, when asked to provide Doc's name, Mr. Jurist refused to do so, claiming to not know his full name. (*Id*.) When asked to provide Doc's email address, Mr. Jurist did not provide it. (*Id*.) When asked to provide Doc's phone number, Mr. Jurist provided a phone number with a California area code, even though Doc says in the video that he called Mr. Elkins from a Florida area code. (*Id*.) When asked what businesses they are partners in, Mr. Jurist claimed he did not know. (*Id*.) When asked the address of the property he leases to Doc, Mr. Jurist claimed he did not know. (*Id*.)

On June 17, 2023, SHO's counsel sent Puffco's counsel an email stating that the name of the person who showed up at the private residence of the third-party witnesses is Doc or Travis Morrow.  (Dailey Decl., ¶ 10.)  In the video, Doc Morrow states that he called Mr. Elkins from a Florida area code.  Multiple newspaper articles from in or around 2012 and 2013 reference a Florida resident named "Doc Travis Morrow" who is involved in the cannabis industry, who is described as "a convicted felon," and whose former business partner accused him of murdering another person with a pistol.  (Dailey Decl., ¶¶ 12-14, Exs. A-C.)  Puffco has not yet confirmed whether this is the same individual, but the unique name, cannabis industry background, and Florida connection provide strong circumstantial evidence this is the same person who SHO sent to intimidate witnesses here.

Mr. Jurist also confirmed that he is communicating with another key fact witness, Vincent D'Accolti, a co-founder of SHO who is no longer with the business.  (Dailey Decl., ¶ 11.)  Puffco had also notified SHO that it was issuing a subpoena to Mr. D'Accolti, and Puffco has been unable to serve Mr. D'Accolti with the subpoena to date.  (Id.)  Puffco is concerned that Mr. Jurist has told Mr. D'Accolti to evade service and has committed further acts of witness tampering.  Puffco is concerned that SHO will continue to commit acts of witness tampering.

In the accompanying declaration of Randall Elkins, Mr. Elkins states that he "was alarmed that this person found our home address" and "alarmed that he showed up to my house unannounced to discuss the lawsuit and subpoenas."  (Elkins Decl., ¶ 7.)  Mr. Elkins viewed Mr. Morrow's comments as an attempt to intimidate Mr. Elkins, scare him away from providing deposition testimony, and to persuade him to not attend the deposition.  (Id., ¶ 8.)  This is not the first time that SHO sent someone to Mr. Elkins' house unannounced to discuss legal disputes with Puffco.  (Id., ¶ 9.)  Mr. Elkins requests that the Court issue an order prohibiting SHO from sending anyone else to his personal residence during this lawsuit.  (Id., ¶ 10.)

### III. THE COURT SHOULD ISSUE AN ORDER PREVENTING FURTHER WITNESS INTIMIDATION AND PRODUCTION OF EVIDENCE RELATED TO THE MAY 29, 2023 WITNESS TAMPERING

"[W]itness tampering is among the most grave abuses of the judicial process" and "warrant[s] serious sanctions." *Torres v. Wells Fargo Bank*, 2019 WL 8012686, at *3, *5 (C.D. Cal. Dec. 17, 2019) (issuing terminating sanctions for witness tampering), *citing Ramirez v. T&H Lemont, Inc.*, 845 F.3d 772, 782 (7th Cir. 2016) (affirming district court's dismissal with prejudice of a plaintiff's case when he offered to pay a witness in exchange for favorable testimony); *Ty Inc. v. Softbelly's, Inc.*, 517 F.3d 494, 498 (7th Cir. 2008) ("Trying improperly to influence a witness is fraud on the court and on the opposing party"); *Young v. Office of U.S. Senate Sergeant at Arms*, 217 F.R.D. 61, 67 (D.D.C. 2003) (finding that dismissal was appropriate for "tr[ying] to influence the testimony of another witness").

"[W]itness tampering is improper not just because it could result in decisions based on incorrect information, but also because it perverts the judicial process on a fundamental level." *Torres*, 2019 WL 8012686, at *3, *citing Erickson*, 87 F.3d at 304 ("Witness tampering ... tends to subvert the entire judicial process and its principle function of ascertainment of the truth.").

The *attempt* to tamper with witnesses by itself is an abuse of the judicial process and sufficient to warrant serious sanctions, whether or not that attempt succeeds. *Torres*, 2019 WL 8012686, at *4 ("punishing bad faith witness tampering only if it succeeds would miss the point"), *citing Ty*, 517 F.3d at 498 ("*Trying* improperly to influence a witness is fraud on the court ....") (emphasis added); *Young*, 217 F.R.D. at 67 ("plaintiff *attempted* to tamper with two potential witnesses") (emphasis added); *see also* 18 U.S.C. § 1512(b) and (d), *infra* (making it a crime to "attempt" to witness tamper). "[F]orgiving efforts to tamper with witness testimony because those efforts failed would be an abdication of the Court's duty to

prevent bad faith litigation conduct and to uphold the integrity of the judicial process." *Torres*, 2019 WL 8012686, at *4.

Under 18 U.S.C. §1512(b), a crime is committed by "Whoever knowingly uses intimidation, threatens, or corruptly persuades another person, or attempts to do so, or engages in misleading conduct toward another person, with intent to—(1) influence, delay, or prevent the testimony of any person in an official proceeding; (2) cause or induce any person to—(A) withhold testimony, or withhold a record, document, or other object, from an official proceeding; … (C) evade legal process summoning that person to appear as a witness, or to produce a record, document, or other object, in an official proceeding; or (D) be absent from an official proceeding to which such person has been summoned by legal process [and] shall be fined under this title or imprisoned not more than 20 years, or both."

Under 18 U.S.C. §1512(d)(1) (emphasis added), a crime is committed by "Whoever intentionally harasses another person and thereby hinders, delays, prevents, or dissuades any person from (1) attending or testifying in an official proceeding . . . *or attempts to do so*, [and] shall be fined under this title or imprisoned not more than 3 years, or both."

Further, "Whoever conspires to commit any offense under this section shall be subject to the same penalties as those prescribed for the offense the commission of which was the object of the conspiracy."  18 U.S.C. §1512(k).

Here, the declaration of the subpoenaed third-party witness, Mr. Elkins, along with the three Ring doorbell camera videos he downloaded, evidence that SHO sent a large, adult male – possibly a convicted felon – to the home of two witnesses who are currently under subpoena and have depositions scheduled in a few days, on June 22 and 23, to intimidate them and encourage them to not provide testimony at the deposition.  (Elkins Decl., ¶¶ 3-6; Dailey Decl., ¶¶ 6-10; Notice of Lodging Video Evidence.)  Mr. Elkins' declaration provides evidence that this person's unannounced visit to Mr. Elkins home at dinner time on a holiday while he was

putting his young daughter down for the night was an act of intimidation, threatening, and an attempt to persuade Mr. Elkins to ignore the subpoena and to not provide testimony at the scheduled deposition. (Elkins Decl., ¶¶ 7-8.) Further, even after being told no, "Doc" repeatedly attempted to lure the witness out of his personal residence, including to meet at the "strip" to "make a game plan." It is clear from the video that the witness was uncomfortable and did not want to meet this individual in person.

In response to this Application, SHO will likely point to self-serving statements made by Mr. Jurist at his recent deposition, after being shown evidence of the crime, wherein Mr. Jurist denied, after testifying that he did not know "Doc's" full name, asking "Doc" to go to the private residence of Mr. Elkins and Ms. Massaro. These statements are contradicted by Doc's own statements as seen in the video, including the fact that "Doc" mentioned "Sam" twice in under two minutes and was clearly there to discuss the "things Sam wanted me [to discuss]," namely, avoiding the deposition. Further, Mr. Jurist's testimony lacks any credibility. Mr. Jurist denied knowing Doc's name, even though Mr. Jurist admits they are business partners, he goes to Doc for advice, and Doc rents property from Mr. Jurist. (Dailey Decl., ¶ 9.) Mr. Jurist has previously submitted false declarations to the Court when it suits SHO, only to later tell a different story when that lie is uncovered. (Doc. 28-1.)

Even if Mr. Jurist did not send Doc to this house (which is contradicted by Doc's statements in the video), there is no doubt Doc was acting as an agent of SHO. He referred to SHO's lawyers as "<u>our</u> lawyers," identifying himself as part of SHO. He was there on SHO's behalf to discuss SHO's lawsuit against Puffco. As an agent of SHO, his statements are party admissions and admissible.

Nor should the Court believe any reassurances from SHO that it will not witness tamper going forward. SHO has a history of not respecting this Court, the discovery process, or the penalty of perjury, including as shown above. In a prior

lawsuit before this Court (*Kandypens, Inc. v Puff Corp.*, Case No. CV 20-358-GW), the Honorable Karen Stevenson issued a Certification of Fact and Recommendation for an Order of Contempt against SHO, certifying that:

> SHO Products has repeatedly failed to comply with court orders, failed to respond to the Subpoena, and failed to respond to this Court's Order to Show Cause. SHO Products' repeated disregard for the Court's orders has impacted the efficient resolution of this case and impedes the Court's ability to secure the just, speedy, and inexpensive resolution of this action. Accordingly, the undersigned United States Magistrate Judge recommends that an order of contempt be issued for SHO Products, LLC's failure to comply with a court order.

(Dailey Decl., ¶ 15, Ex D, Doc. 106, at 4-5.) Thus, a Court order is necessary in order to deter future witness intimidation.

## IV. EX PARTE RELIEF IS PROPER

Mr. Elkins and Ms. Massaro's depositions are currently scheduled for June 22 and 23. (Dailey Decl., ¶ 5.) Puffco has issued subpoenas to other fact witnesses, including Vincent D'Accolti, and fears that SHO has already attempted to intimidate them into evading and/or not complying with subpoenas. (*Id.*, ¶ 11.) Thus, Puffco will be irreparably prejudiced if the requested relief is heard according to regular noticed motion procedures, and the requested relief should be granted on an *ex parte* basis to put an immediate end to the witness tampering and preserve evidence of the crimes committed related to the May 29, 2023 incident. Puffco acted promptly and filed this application less than 24 hours after Puffco's counsel received the executed declaration from the third party witness, Mr. Elkins, on June 19, 2023 (a holiday).

## V. CONCLUSION

SHO's witness tampering is a grave abuse of the judicial system and irreparably prejudices Puffco. Puffco respectfully requests the Court grant this *ex parte* application to protect the upcoming depositions this week, to immediately deter SHO from further witness tampering, and to preserve relevant evidence of the crimes.

Dated: June 20, 2023        **BRYAN CAVE LEIGHTON PAISNER LLP**

By: *Colin D. Dailey*
      Colin D. Dailey
Attorneys for Defendant Puff Corp.

## L.R. 11-6.2. Certificate of Compliance

The undersigned, counsel of record for Defendant Puff Corp., certifies that this brief contains 3,067 words, which complies with the word limit of L.R. 11-6.1. In making this certification, the undersigned has relied on the word count of the word-processing system used to prepare the document.

Dated: June 20, 2023        **BRYAN CAVE LEIGHTON PAISNER LLP**

By: *Colin D. Dailey*
      Colin D. Dailey
Attorneys for Defendant Puff Corp.

# PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is: 120 Broadway, Suite 300, Santa Monica, California 90401-2386.

On June 20, 2023, I served the document(s) described as:

**1.    PUFF CORP.'S *EX PARTE* APPLICATION FOR AN ORDER PROHIBITING SHO PRODUCTS, LLC AND ITS AGENTS FROM FURTHER ACTS OF WITNESS TAMPERING**

**2.    DECLARATION OF COLIN DAILEY IN SUPPORT OF PUFF CORP.'S *EX PARTE* APPLICATION FOR AN ORDER PROHIBITING SHO PRODUCTS, LLC FROM FURTHER ACTS OF WITNESS TAMPERING**

**3.    DECLARATION OF RANDALL ELKINS**

**4.    [PROPOSED] ORDER GRANTING PUFF CORP.'S *EX PARTE* APPLICATION FOR AN ORDER PROHIBITING SHO PRODUCTS, LLC FROM FURTHER ACTS OF WITNESS TAMPERING**

**5.    NOTICE OF LODGING VIDEO EVIDENCE REGARDING SHO PRODUCTS, LLC'S WITNESS TAMPERING**

on all interested parties in this action as follows:

I checked the CM/ECF docket for this proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒    TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):

- Brian J. Beck
  bbeck@zuberlawler.com

- Amroh Faisal Idris
  aidris@zuberlawler.com

- Joshua M. Masur
  jmasur@zuberlawler.com, dsanfelippo@zuberlawler.com, 2790053420@filings.docketbird.com

Executed on June 20, 2023.

                            */s/ Raul Morales*
                            Raul Morales

1
PROOF OF SERVICE